UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>Plaintiff,<br><br>vs.<br><br>TERRY SUTTON, professionally and individually,<br><br>Defendant. | 1:21-CV-01022-CBK<br><br>MEMORANDUM OPINION AND ORDER OF DISMISSAL |

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that defendant, while defendant was acting as his attorney in a state court matter, provided ineffective assistance of counsel, conspired with a state actor resulting in plaintiff's unlawful incarceration, and participated with a state actor in causing his presentence investigation report to be disclosed prematurely. Plaintiff seeks damages in the amount of $2.5 million.

Plaintiff filed a motion to vacate the Court's order denying his application to proceed *in forma pauperis* without the prepayment of the filing fee. He thereafter filed an interlocutory appeal from the order denying his application. His notice of appeal filed before the disposition of the motion to vacate had no effect on this Court's jurisdiction to rule upon the motion to vacate. Fed. R. Appl. P. 4(a)(4) and Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982). The order appealed from has been vacated and plaintiff's application to proceed *in forma pauperis* has been granted. The notice of appeal became effective upon the court's ruling on plaintiff's motion to vacate, Avila v. Sullivan, 46 F.3d 1150 (10th Cir. 1995), but the appeal is essentially moot since plaintiff was granted the relief requested. The interlocutory appeal, while pending, does not deprive the district court of jurisdiction over aspects of the case not involved in the appeal. Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011).

The Prison Litigation Reform Act requires the Court to screen prisoner complaints prior to service of process being issued and to dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petrav, 795 F.3d 111, 787 (8th Cir. 2015).

I have conducted an initial review as required by § 1915A. Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff claims that defendant violated plaintiff's Sixth Amendment right to the effective assistance of counsel resulting in plaintiff's unconstitutional incarceration. The criminal proceedings upon which plaintiff's complaint is based were filed in South Dakota Circuit Court, Third Judicial District, Codington County, 14CRI15-000092. I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal. Shane Waliezer is the plaintiff in this matter but was a defendant in his state court criminal file. For clarity, I will refer to the plaintiff herein as Waliezer.

Waliezer was charged in 2015 with the crimes of aggravated assault by choking, interference with emergency communications, and domestic abuse simple assault. An amended complaint charged aggravated assault and sexual exploitation of a minor. On March 4, 2015, Waliezer entered a guilty but mentally ill plea to an information charging aggravated assault and sexual exploitation of a minor. The state trial court accepted the guilty pleas but subsequently withdrew acceptance because no psychiatric examination and report had been received as required by state law. On May 13, 2015, Waliezer entered no contest pleas to the two charges. He was sentenced to 15 years custody for aggravated assault and two years custody for sexual exploitation of a minor, such sentences to be served consecutively.

Waliezer filed a *pro so* petition for a writ of habeas corpus in state court on October 23, 2015, 14CIV15-000338. An amended petition was filed through counsel on May 10, 2017. On September 11, 2017, Waliezer entered into a stipulation and agreement to resolve the habeas proceeding. Based upon the stipulation, a writ of habeas corpus issued directing that Waliezer be brought before the Third Judicial Circuit, Codington County, for further proceedings. Counsel was appointed for Waliezer in his criminal case and he was released on bond. In 2018, a psychiatric evaluation was ordered. In August 2020, counsel filed a motion to dismiss the charges on the basis that continued prosecution would violate the Double Jeopardy Clause. The motion was denied in January 2021.

On February 17, 2021, a petition to revoke bond was filed on the basis that Waliezer was charged with attempted first-degree assault and stalking in Washington state court. Realizing that no order was issued on the writ of habeas corpus, on February 25, 2021, the state court issued an "Order granting Habeas Relief," in the state court habeas file ordering that the case is "remanded back to the criminal court in Codington County criminal file CR 15-92 for further proceedings."

Waliezer was extradited back to South Dakota in September 2021. His criminal case is still pending.

The United States Supreme Court has held that:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

3

> sentence has already been invalidated. But if the district court determines
> that the plaintiff's action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff, the
> action should be allowed to proceed, in the absence of some other bar to
> the suit.

Heck V. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383
(1994). The Heck bar has been referred to as the "favorable-termination rule." Entzi v.
Redmann. 485 F.3d 998, 1003 (8th Cir. 2007). A § 1983 cause of action for damages
attributable to an unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated. Heck V. Humnhrev. 512 U.S. at 489-90,
114 S. Ct. at 2374.

Plaintiff claims his incarceration arose out of his attorney's negotiation of his
May 13, 2015, no contest plea, which plea he contends was unknowing and
involuntary. Plaintiff's criminal case is still pending. A Sixth Amendment claim of
ineffective assistance of counsel indirectly challenges the validity of plaintiff's
confinement following his no contest plea. Success on plaintiff's claim for money
damages because counsel was ineffective resulting in an involuntary plea would
"necessarily imply the invalidity of the punishment imposed." Wilkinson v. Dotson,
544 U.S. 74, 81, 125 S. Ct. 1242, 1247, 161 L. Ed. 2d 253 (2005).

The instant case is barred by the favorable termination rule set forth in Heck
v. Humphrey, *supra*. The complaint against defendant fails to state a claim upon
which relief can be granted. Accordingly,

IT IS ORDERED that plaintiff's complaint is dismissed pursuant to 28 U.S.C.
§ 1915(e)(2)(B). Plaintiff's motion, Doc. 3, for the appointment of counsel is moot.

DATED this 22 Nd day of November, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4